## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RACHEL ENCALARDE WHITE** | * | **CIVIL ACTION NO.:** |
| *Plaintiffs* | * | |
| | * | **SECTION** "" |
| **VERSUS** | * | |
| | * | **JUDGE** |
| | * | |
| **FEDERAL EMERGENCY** | * | **MAGISTRATE** |
| **MANAGEMENT AGENCY** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **Rachel Encalarde White**, who respectfully submits the following:

## PARTIES

### I.

Plaintiff herein, **Rachel Encalarde White**, is a person of the full age and majority residing in the Parish of Jefferson, State of Louisiana, who at all times relevant herein is the owner of the residence located at 1300 Wisteria Ave., Metairie, LA 70005.

### II.

Made Defendant herein is the Federal Emergency Management Agency ("FEMA"), a component of the United States Department of Homeland Security, in its capacity as the Administrator of the National Flood Insurance Program. (collectively referred to as "FEMA").

### III.

At all times relevant, Defendant, **FEMA**, administers the U.S. Government National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, providing

flood insurance coverage for Plaintiff under Policy No. SF00164343. The flood policy has limits of $250,000.00 for Building (Coverage A) and $100,000.00 for Contents (Coverage B).

## JURISDICTION

### IV.

This Honorable Court has jurisdiction pursuant to 28 U.S.C.A. §1331 as the dispute involves a federal question.

## FACTS

### V.

On September 11, 2024, Hurricane Francine, a catastrophic rain and flood event, caused substantial flood damage to Plaintiff's insured residence located at 1300 Wisteria Ave., Metairie, LA 70005, including, but not limited to, extensive flood damage to both the exterior and interior of the residence.

### VI.

As a result of the flood damage to the insured residence, Plaintiff sustained substantial losses and/or damages from the flood to the insured premises.

### VII.

The plaintiff submitted a claim with **FEMA** for flood damages to the property at 1300 Wisteria Ave., Metairie, LA 70005. The applicable Claim No. is 2177445. **FEMA** initially issued grossly inadequate payments totaling only $30,000.00 for Building coverage after applying the deductible of $2,000.00 and applicable depreciation, despite substantial documented damages. Said payment was grossly inadequate in unit cost and scope of damages. Accordingly, Plaintiff disputed the amount of Hurricane Francine damages paid by **FEMA**.

## VIII.

Plaintiff retained Nathan Burris of Burris Claims Consulting, a qualified and experienced property damage consultant, to assess damages for the insured property utilizing the Xactimate computer program, the same computer program that **FEMA** utilizes to conduct its property damage assessments. In doing so, said computer program allowed the insured and insurer to compare and contrast the damages in dispute by assessing the scope and unit cost in evaluating the property damages. Plaintiff submitted a Burris Claims Consulting proof of loss and estimate, which amounted to a replacement cost of $188,018.17 for the Building.

## IX.

On November 7, 2024, Plaintiff submitted a Proof of Loss form, which included the Burris Claims Consulting estimate. As a result, Petitioner was owed an additional payment of $156,018.17 ($188,018.17 - $30,000.00 - $2,000.00), less prior payment and deductible. Accordingly, the Burris Claims Consulting estimate constituted satisfactory proof of loss for a payment of $156,018.17.

## X.

On December 14, 2024, **FEMA** made a supplemental payment of $84,966.29 for Building. Again, said payment was deficient in the scope of damage and unit cost. To date, **FEMA** has failed to make an additional Building payment. **FEMA's** failure to pay the undisputed amount for Building damage signifies a clear disagreement regarding the scope of damage and costs. Accordingly, FEMA still owes payment of $71,051.88 ($156,018.17 - $84,966.29) for additional flood damages arising from Hurricane Francine.

## XI.

Additionally, on November 7, 2024, Plaintiff submitted a Proof of Loss Coverage B – contents claim for item damages as a result of water intrusion. According to the policy, Ms. Rachel Encalarde White is entitled to payment of up to $100,000.00 for Contents coverage, subject to actual loss sustained and documented. To date, **FEMA** has paid a deficient amount of $39,859.98 for Coverage B damages. Accordingly, Plaintiff is entitled to payment of up to $60,140.02 ($100,000.00 - $39,859.98) for contents, less prior payment.

## XII.

The FEMA Policy contains an Appraisal Clause, which provides that if the insured and FEMA fail to agree on the actual cash value or replacement cost of the damaged property to settle upon the amount of loss, then either party may demand an Appraisal of the loss. In this event, you and we will each choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will select an umpire. If the respective appraisers cannot agree upon an umpire within 15 days, you or we may request that a judge make the choice. The appraisers will separately state the actual cash value, the replacement cost, and the amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they disagree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of actual cash value and loss.

## XIII.

Accordingly, the FEMA Policy provides that an appraisal may be demanded to determine "the amount of the loss".

## XIV.

On or about January 14, 2025, Plaintiff Rachel Encalarde White invoked the appraisal process and named Felix Turner, owner of Turner Claim Solutions, turnerclaimsolutions@gmail.com, 504-236-8978, as her Appraiser. Based on FEMA's refusal to participate in the appraisal process as required by the terms and conditions of its insurance policy and LSA–R.S.22:1892(G), the parties are unable to agree on an Umpire.

## XV.

At this point, Plaintiff, **Rachel Encalarde White,** has provided **FEMA** with an itemized Estimate and satisfactory Proof of Loss. Since receipt of the itemization of damages, **FEMA** has failed to tender payment for the undisputed Building and Contents Coverage damages. Therefore, Plaintiff and **FEMA** disagree as to the scope and unit cost of the property damage loss. Accordingly, Plaintiff has fully complied with the requirements to apprise **FEMA** of the amount for the property damage loss by itemization in the Xactimate Estimate submitted on or about November 7, 2024.

## XVI.

The **FEMA** policy of insurance contract requires **FEMA** to appoint an Appraiser to engage in the appraisal process.

## XVII.

A Judgment should be issued to compel specific performance of full and complete participation in the appraisal process and appointment of an Umpire in accordance with the **FEMA** policy of insurance and LSA–R.S. 22:1892(G).

## XVIII.

**FEMA** should not be permitted to continue its bad faith delay of the appraisal process through its knowing and intentional refusal to appoint an Appraiser and participate in the appraisal process and the corresponding selection of a Umpire. Plaintiff respectfully requests that this Honorable Court compel **FEMA** to fully participate in the appraisal process and select an Umpire as mandated by the terms and conditions of its Policy.

## XIX.

The Plaintiff will suffer irreparable harm if FEMA continues to deny the Plaintiff her right to the appraisal process. Further, Plaintiff seeks immediate relief to compel specific performance of full and complete participation in the appraisal process and the corresponding appointment of an Umpire.

## XX.

Therefore, Plaintiff seeks, and is entitled to, the following relief by ordering the **Federal Emergency Management Agency** to:

1) Fully and completely comply with the appraisal process and corresponding provisions provided by La. R.S. 22:1892(G) and the policy of insurance at issue;

2) This Court appoints an Umpire to engage in the appraisal process pursuant to La. R.S. 22:1892(G) and the **Federal Emergency Management Agency** policy at issue herein; and,

## XXI.

The **Federal Emergency Management Agency** is legally obligated to participate in the mandatory appraisal process and must adhere to both the terms and conditions of its own insurance

policy/contract, including full participation in and completion of the appraisal process pursuant to Louisiana law.

WHEREFORE, Plaintiff, **Rachel Encalarde White,** prays that a *Rule Nisi* be issued directing the Defendant to show cause why the **Federal Emergency Management Agency** shall not:

1) Comply with the appraisal provision provided by the policy of insurance at issue;

2) Have this Honorable Court appoint an Umpire in the appraisal process provided by the policy of insurance at issue; and,

Respectfully Submitted:

**J. DOUGLAS SUNSERI (#19173)**
**KATHRYN A.E. SUNSERI (#39049)**
**CAMERON J. WINDHAM (#40548)**
**NICAUD & SUNSERI LAW FIRM, LLC**
*A Group of Professional Law Corporations*
3000 18th Street
Metairie, Louisiana 70002
Telephone: (504) 837-1304
Facsimile: (504) 833-2843
Email: jdsunseri@nslawla.com
          ksunseri@nslawla.com
          cwindham@nslawla.com
***Attorneys for Plaintiff, Rachel Encalarde White***