**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RACHEL ENCALARDE WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-775** |
| **CAMERON HAMILTON, ADMINISTRATOR, FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court is the renewed motion[1] to dismiss by Defendant Cameron Hamilton, Administrator of the Federal Emergency Management Agency (FEMA). Plaintiff Rachel Encalarde White brings this civil action against FEMA seeking specific performance of the appraisal process and for the court to appoint an umpire under the National Flood Insurance Program (NFIP).[2] Plaintiff opposes[3] the motion and Defendant filed a reply.[4] For the following reasons, Defendant's motion to dismiss is **DENIED**.

## I. BACKGROUND

This case concerns a dispute over flood insurance proceeds under the NFIP following Hurricane Francine.[5] Plaintiff Rachel Encalarde White owns a residence at 1300 Wisteria Avenue in Metairie, Louisiana, which she insured under a Standard

---

[1] ECF No. 15.
[2] *See generally* ECF No. 1.
[3] ECF No. 41.
[4] ECF No. 46.
[5] ECF No. 1 ¶ V–VII. The operative complaint is the initial complaint, ECF No. 1, supplemented by the second supplemental and amended complaint, ECF No. 32. The first supplemental and amended complaint, ECF No. 20, was overridden by the second supplemental and amended complaint.

Flood Insurance Policy (SFIP) with limits of $250,000 for Building coverage (Coverage A) and $100,000 for Contents coverage (Coverage B).[6]

According to the complaint, on September 11, 2024, Hurricane Francine caused substantial flood damage to White's residence.[7] White submitted a claim to FEMA, and FEMA initially issued payment of $30,000 for Building coverage after applying the deductible and depreciation.[8] White disputed the amount of damages paid by FEMA and retained a property damage consultant who, using the Xactimate estimating platform—the same platform FEMA's own adjusters use—prepared an estimate valuing the Building repairs at $188,018.17.[9] On November 7, 2024, White submitted that estimate to FEMA, along with a Proof of Loss form that estimated Contents damages at $100,000.[10] FEMA made a supplemental Building payment of $84,966.29, bringing total building payments to approximately $114,966.29.[11] FEMA also paid $39,859.98 for Contents damages.[12] In total, FEMA paid White $154,826.27 for her Hurricane Francine flood claim.[13]

The SFIP policy contains an appraisal clause, which provides that if the insured and FEMA fail to agree on "the actual cash value or replacement cost of the damaged property to settle on the amount of loss, then either party may demand an

---

[6] ECF No. 1 ¶¶ I–III.
[7] *Id.* ¶ V–VI.
[8] *Id.* ¶ VII.
[9] *Id.* ¶ VII–VIII.
[10] *Id.* ¶ IX, XI.
[11] *Id.* ¶ X.
[12] *Id.* ¶ XI.
[13] *Id.* ¶¶ IX–XI.

Appraisal of the loss."[14] Once the appraisal process is invoked, each party will choose an appraiser, and then the two appraisers will select an umpire.[15]

White invoked the SFIP's appraisal clause and named Felix Turner of Turner Claim Solutions as her appraiser.[16] FEMA declined to participate in the appraisal process or to name its own appraiser.[17] White then filed this lawsuit seeking specific performance of FEMA's full participation in the appraisal process and the appointment of an umpire in accordance with the terms of the policy.[18] White later amended and supplemented the complaint, adding a request for judgment "in a reasonable amount to be determined by this Honorable Court for the damages sustained by Plaintiff, together with damages, together with legal interest from date of judicial demand and for all general and equitable relief."[19]

FEMA now moves to dismiss White's claims under Federal Rule of Civil Procedure 12(b)(6). FEMA's motion raises two primary grounds: (1) that FEMA was improperly named *eo nomine*; and (2) that the complaint failed to state a claim because the SFIP's appraisal clause is inapplicable where the parties dispute the "scope" of damages rather than the "amount" of loss.[20] The Court originally dismissed

[14] *Id.* ¶ XII.
[15] *Id.*
[16] *Id.* ¶ XIV.
[17] *Id.*
[18] *Id.* ¶¶ XVII–XX.
[19] ECF No. 32 at 3 (second supplemental and amended complaint). *See also* ECF No. 20 (first supplemental and amended complaint). Notably, neither White's original complaint, ECF No. 1, nor her supplemental and amended complaints articulate a legal basis for recovery of damages, such as breach of contract—only that White is seeking "a reasonable amount . . . for the damages sustained." ECF No. 32 at 3. FEMA's motion to dismiss does not challenge whether White has plausibly alleged a damages claim.
[20] ECF No. 15-1 at 19.

FEMA's motion to dismiss as moot after White amended and supplemented her complaint[21] to name the Administrator of FEMA as the proper defendant, effectively curing the *eo nomine* defect,[22] but the Court subsequently deemed the instant motion renewed[23] against the original, operative complaint with the sole remaining question being whether White fails to state a claim for enforcement of the SFIP's appraisal clause.[24]

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[21] ECF No. 32.

[22] ECF No. 35.

[23] ECF No. 40.

[24] In her original complaint, White seeks to invoke the appraisal process on two separate legal grounds: under the SFIP's appraisal clause, codified at 44 C.F.R. Pt. 61, and under Louisiana Revised Statue § 22:1982(G). ECF No. 1 ¶¶ XIV, XVII, XX. However, in her response to the motion to dismiss, White abandons her claim under § 22:1982(G), acknowledging that her state-law claim is expressly preempted by the SFIP and arguing that the appraisal clause should be strictly enforced under the SFIP. ECF No. 15-1 at 10–14. The Court accordingly treats White's claim under § 22:1982(G) as withdrawn.

A motion under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Therefore, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Still, this principle has limits. "[T]he factual allegations must 'raise a right to relief above the speculative level.'" *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

**B. The Court May Not Consider Material Beyond the Pleading**

In resolving a Rule 12(b)(6) motion, the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may rely only on material beyond the pleadings, without converting the motion into one for summary judgment,[25] under limited exceptions. *George*, 36 F.4th at 619. Under the doctrine of incorporation by reference, the Court may consider a document attached to the Rule 12(b)(6) motion if it is (1) referred to in the complaint and (2) central to the plaintiff's claim. FED. R.

[25] If materials outside Rule 12(b)(6) pleadings are presented to the court, the court may, in its discretion, convert the motion to one for summary judgment under Rule 56. FED. R. CIV. P. 12(d). In such an instance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Here, neither party requested that the Court convert Defendant's motion to one for summary judgment, so the Court declines to do so.

CIV. P. 10(c); *Collins*, 224 F.3d at 498–99. Going beyond the pleadings is otherwise in error. *George*, 36 F.4th at 619.

The Court now turns to the scope of materials that may be considered in resolving Defendant's motion. In its motion to dismiss, FEMA attaches a December 14, 2024 letter from FEMA to White rejecting her attorney-prepared Proof of Loss.[26] This letter is neither referenced in the complaint nor central to White's claim. To the extent FEMA invokes this letter as proof that White disputes the "scope" of damages rather than the "amount" of loss, this presents a question of fact not appropriate for resolution on a motion to dismiss. For these reasons, the Court declines to consider the letter attached to Defendant's Rule 12(b)(6) motion[27] as part of the pleadings.

## III. ANALYSIS

FEMA's renewed motion to dismiss argues that the complaint fails to state a claim because the SFIP's appraisal clause applies only to disputes over the dollar amount of a covered loss, not to disputes over the scope of the loss. White responds that the "scope" language in her complaint describes only a quantum dispute over the cost, quantity, and method of repairing property that FEMA concedes was damaged by the flood, and that such a dispute is appraisable. Because the allegations are taken as true and viewed in the light most favorable to White, the complaint plausibly describes a dispute over the amount of loss rather than a dispute over coverage, and the Court finds FEMA's arguments unpersuasive.

---

[26] ECF No. 15-4.
[27] ECF No. 15-1.

White's policy contains an appraisal clause, which provides that "if the insured and FEMA fail to agree on the actual cash value or replacement cost of the damaged property to settle upon the amount of loss, then either party may demand an Appraisal of the loss."[28] The terms of a SFIP policy are dictated by FEMA, and those terms can be found in the Code of Federal Regulations at 44 C.F.R. Pt. 61, App. A(1). *Sharpe v. American Nat'l Prop. & Cas. Co.*, No. 13-161, 2014 WL 2520210, at *1 (E.D. La. June 4, 2014).

A dispute over the cost of doing repair work, as opposed to a dispute over coverage, is a dispute over the "amount of loss" that triggers the appraisal provision under the SFIP. *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 286 (5th Cir. 2009) (explaining that, to the extent an insured challenges only the adjuster's estimated repair costs, not what needs to be repaired, the dispute falls within the SFIP's appraisal clause). By contrast, a dispute over what items were actually damaged, or whether those items were in fact damaged by flood waters, falls outside the scope of the appraisal clause. *De La Cruz v. Bankers Ins. Co.*, 237 F. Supp. 2d 1370, 1373–74 (S.D. Fla. 2002). *De La Cruz* divided appraisal disputes into three categories: (1) disputes over the actual cash value of property the parties agree was damaged, (2) disputes over how agreed-upon damage should be repaired or replaced, and (3) disputes over what property was damaged or the manner in which it was damaged. *Id.* at 1375. The first two categories concern the amount of loss and are

[28] ECF No. 1 ¶ XII.

appraisable, while the third concerns a question of coverage and must be resolved by the court. *Id.*

FEMA contends that the appraisal clause is inapplicable because the parties here dispute the "scope" of damages (*i.e.*, what items were damaged by the flood), rather than the "amount" of the loss. FEMA points to the complaint's own language alleging "a clear disagreement regarding the scope of damage and costs" and that the parties "disagree as to the scope and unit cost of the property damage loss."[29] Defendant relies principally on *De La Cruz*, which held that the appraisal clause of the SFIP is unavailable to resolve disputes over what items were damaged by flooding (a "scope" or "coverage" dispute), as distinguished from disputes over the value of concededly damaged items (an "amount of loss" dispute amenable to appraisal). 237 F. Supp. 2d at 1374–75.

White counters that FEMA already acknowledged coverage and causation when it accepted her claim and paid her more than $150,000 under both Coverage A and Coverage B.[30] White further argues that the word "scope" as used in the complaint refers to the extent, quantity, and method of repair required to restore concededly flood-damaged property—not to whether those components are covered under the SFIP.[31] White relies on *Dwyer*, in which the Fifth Circuit held that where the insureds "sought only to challenge the amount of costs estimated by the adjuster," the dispute concerned the "amount of loss" and was thus subject to appraisal under

[29] ECF No. 15-1 at 16–17.
[30] ECF No. 41 at 1–3.
[31] *Id.* at 5–7.

the SFIP. 565 F.3d at 288. White further argues that under *De La Cruz*'s own three-category framework, this case falls within the second category of appraisable disputes, where the parties agree on the items damaged but disagree over how to repair or replace them. 237 F. Supp. 2d at 1374.

The Court's task at this stage is circumscribed. On a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *See Iqbal*, 556 U.S. at 679. The Court does not resolve factual disputes and is generally limited to the "four corners" of the complaint. *Id.* at 678–69; *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'").

Applying that standard and considering the facts set forth in the complaint, White states a plausible claim for enforcement of the SFIP's appraisal clause. First, White plausibly alleges that FEMA accepted coverage and causation. The complaint alleges—and FEMA does not dispute—that FEMA accepted White's claim and paid her more than $150,000 under both Coverage A and Coverage B. White further alleges that her dispute with FEMA concerns the cost and method of repairing concededly flood-damaged property, the same type of dispute *Dwyer* held to be appraisable. 565 F.3d at 286–87. Under the framework in *De La Cruz*, which both parties invoke, the allegations concern a dispute in the second category, which is

appraisable. At the 12(b)(6) stage, where all reasonable inferences are drawn in White's favor, the complaint plausibly alleges a dispute over the "amount of loss" that triggers the appraisal clause.

Second, the complaint's use of the word "scope" does not defeat the plausibility of White's claim. The complaint alleges disagreements over both "scope of damage and costs" and "scope and unit cost."[32] Read in context and in the light most favorable to White, the word "scope" as used in the complaint can be read to refer to the extent and quantity of repair, not to whether particular items of damage are covered under the SFIP. Whether the parties' disagreement constitutes a non-appraisable "scope" dispute or an appraisable "amount of loss" dispute is a factual question that cannot be resolved on the pleadings. Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion[33] to dismiss is **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[32] ECF No. 1 ¶¶ X, XV.
[33] ECF No. 15.